IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK W. LEUTHNER, ET AL., | : | |
| | : | No. 4:CV-02-1709 |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM AND ORDER

May 3, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Plaintiffs' Motion to Strike Defendant's Brief in Support of Motion for Summary Judgment and Statement of Material Facts and/or Direct Compliance with Local Rule 56.1 ("the Motion") (doc. 228).

As the background of this case has been set forth in its entirety in prior orders of the Court, we need not repeat it for purposes of this narrative other than as necessary to address the pending Motion.

**DISCUSSION:**

On April 6, 2005, Plaintiff filed the instant Motion which asserts that Defendant Blue Cross of Northeastern Pennsylvania ("Defendant" or "Blue

1

Cross") violated Local Rule 56.1[1] and that the violation substantially and materially burdens Plaintiffs' efforts in responding to Defendants' previously filed Motion for Summary Judgment. (See Pl.'s Mot. Strike at ¶ 4). In addition, Plaintiff argues that although Defendant did file a separate, short statement of material facts with references to the record in support thereof, to which Plaintiffs can easily respond, Defendant also filed a brief in which "numerous factual matters are referenced throughout, together with approximately one hundred and fifteen (115) citations to supporting exhibits, mingled among legal arguments and legal citations." Id. at ¶ 7. Plaintiffs request that we strike Defendant's statement of material facts and brief in support of the Motion for Summary Judgment or direct that Defendant re-file the above-referenced documents in a form that

---

[1] Local Rule ("LR") 56.1 provides, in pertinent part, as follows:

> A motion for summary judgment...shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required to the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
>
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

complies with LR 56.1. Id. at ¶ 13. Plaintiff also requests that their obligation to respond to the Motion for Summary Judgment be suspended until twenty days after Defendant re-files the modified brief and statement of material facts.

On April 26, 2005, Defendant responded to the instant Motion, arguing that it clearly provided all of the information necessary for Plaintiffs to respond to the Motion for Summary Judgment and that Plaintiffs' own prior conduct in this litigation demonstrates that their present complaint is, at best, disingenuous. (Defs.' Br. Opp. Pl.'s Mot. Strike at 2-4). Nevertheless, Defendant stated that it would file a supplemental statement of material facts on or before April 29, 2005 that it believes will moot Plaintiffs' Motion. On April 29, 2005, Defendant filed a supplemental or amended statement of material facts in support of its Motion for Summary Judgment that is in compliance with LR 56.1. (See Rec. Doc. 233).

In light of the above, we will grant Plaintiffs an enlargement of time to respond to Defendant's Motion for Summary Judgment.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' Motion to Strike Defendant's Brief in Support of Motion for Summary Judgment and Statement of Material Facts and/or Direct Compliance with Local Rule 56.1 ("the Motion") (doc. 228) is granted in part and denied in part to the following extent:

a. Plaintiff's Motion is granted to the extent that Plaintiff may respond to Defendant's Motion for Summary Judgment by filing, in accordance with LR 56.1, a counter-statement of material facts, any evidentiary materials, and brief in opposition within twenty (20) days of the date of this Order.

b. Plaintiff's Motion is denied in all other respects.

/s/ John E. Jones III
John E. Jones III
United States District Judge

a. Plaintiff's Motion is granted to the extent that Plaintiff may respond to Defendant's Motion for Summary Judgment by filing, in accordance with LR 56.1, a counter-statement of material facts, any evidentiary materials, and brief in opposition within twenty (20) days of the date of this Order.

b. Plaintiff's Motion is denied in all other respects.

/s/ John E. Jones III
John E. Jones III
United States District Judge