IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK W. LEUTHNER, ET AL., | : | |
| | : | No. 4:CV-02-1709 |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

August 1, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Leave to File Deposition Testimony Under Seal ("the Motion") (doc. 251) filed by Defendant Blue Cross of Northeastern Pennsylvania ("Defendant" or "Blue Cross").

As the background of this case has been set forth in its entirety in prior orders of the Court, we need not repeat it for purposes of this narrative other than as necessary to address the pending Motion.

**DISCUSSION:**

On July 15, 2005, Defendant filed the instant Motion which seeks leave to file certain portions of the deposition testimony of Ms. Denise Cesare ("Ms.

Cesare"), Blue Cross's President and CEO, under seal. (Def.'s Mot. File Depo. Test. Under Seal at 1). In support thereof, Blue Cross avers that on February 4, 2005, Plaintiffs took the deposition of Ms. Cesare and prior to the deposition, the parties agreed to a procedure to maintain certain portions of the deposition confidential. "Specifically, the parties agreed that Blue Cross would designate specific portions of the deposition transcript as confidential and Plaintiffs could object to those depositions, at which point Blue Cross would move the Court, if necessary, to decide whether the specifically designated deposition testimony should be maintained as confidential – i.e., used only in this litigation and now shown to anyone who is not a party to this litigation." Id. ¶ 1. Blue Cross further asserts that pursuant to the parties' agreement, Blue Cross designated certain portions of Ms. Cesare's deposition as confidential, including pages 81-83 and indicated in its previously filed Motion for Summary Judgment that the aforementioned pages contained confidential information. Blue Cross therefore stated that it would file a motion for leave to submit those pages under seal. Id. ¶¶ 2-3; see also Rec. Doc. 222 at 33 n.18.

In the Motion, Blue Cross argues that pages 81-83 of Ms. Cesare's deposition include testimony regarding Blue Cross's use and strategy for its assets, as well as the nature and characterization of those assets. Id. ¶ 4. Blue Cross

contends that in order to protect the confidentiality of pages 81-83 of the transcript of Ms. Cesare's deposition and pursuant to the parties' agreement made prior to Ms. Cesare's deposition, it is appropriate to file those pages under seal.[1]

Although Plaintiff did not file a brief in opposition to the Motion, Plaintiffs' counsel indicated to the Court that he opposed the Motion insofar as he does not find the relevant deposition transcript pages to be confidential.

After reviewing pages 81-83 of Ms. Cesare's deposition transcript, the Court is in agreement with Blue Cross that the pages at issue reveal what appears to be confidential information and therefore we see no reason to deny the Motion. Accordingly, we will grant Defendant's Motion for Leave to File Deposition Transcript Under Seal. Defendant may file pages 81-83 of Ms. Cesare's deposition under seal and the Clerk shall seal Exhibit 2 to Defendant's brief in opposition to Plaintiff's Motion in Limine. We note that upon application of either party, we will consider unsealing all or any portion of the testimony that has been sealed as per this order.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Motion for Leave to File Deposition Testimony Under Seal (doc.

---

[1] Blue Cross also notes that it previously filed pages 81-83 of Ms. Cesare's deposition testimony as an exhibit to its brief in opposition to Plaintiffs' Motion in Limine. (See Rec. Doc. 210, Ex. 2).

3

251) filed by Defendant Blue Cross of Northeastern Pennsylvania is GRANTED.

2. Defendant may file pages 81-83 of Ms. Cesare's deposition under seal.

3. The Clerk shall seal Exhibit 2 to Defendant's brief in opposition to Plaintiff's Motion in Limine (doc. 210).

John E. Jones III
United States District Judge